UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**MICHAEL MILAM**　　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:25-CV-148-JHM**

**EVAN BURTON,** *et al.*　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e).

### I.

Plaintiff Michael Milam filed a *pro se* complaint in Adair Circuit Court, Civil Action No. 25-CI-00182, alleging violations of his right to free speech under the First and Fourteenth Amendments of the United States Constitution and claims for intentional infliction of emotional distress. He sued the following Defendants: Police Chief Evan Burton, individually and in his official capacity; Mayor Pamela Hoots, individually and in her official capacity; the City of Columbia, Kentucky; and the Columbia Police Department. Defendants timely removed this case to federal court asserting federal-question jurisdiction.

Plaintiff alleges that the Columbia Police Department maintains an official Facebook page which it uses to communicate information to the public regarding law enforcement activities, public safety announcements, and community events. Plaintiff asserts that the Facebook page is operated by Defendants. He maintains that Defendants have violated his rights under the First and Fourteenth Amendments by "intentionally and deliberately configur[ing] [the Facebook page] to prohibit all members of the public, including Plaintiff Milam, from posting any comments on

any of the page's posts." Plaintiff alleges that the total ban on public discourse was implemented by Defendant Burton with knowledge and intent to silence Plaintiff Milam.

## II.

Because Plaintiff was proceeding *in forma pauperis* in Adair Circuit Court, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Columbia Police Department

The Columbia Police Department is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, the City of Columbia is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Because Plaintiff sues the City of Columbia, the Court will dismiss the Columbia Police Department for failure to state a claim upon which relief can be granted.

### B. Official-Capacity Claims

Plaintiff sues Defendants Burton and Hoots in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Burton and Hoots are actually against their employer, the City of Columbia. Thus, the Court will dismiss the official-capacity claims against Defendants Burton and Hoots.

### C. First Amendment Claims

In light of the evolving caselaw and without a review of the actual Facebook page and public comment restrictions, the Court cannot determine whether Plaintiff's claims rise to the level

of a constitutional violation on initial review. Accordingly, <u>the Court will allow Plaintiff's First Amendment claims to proceed against Defendant City of Columbia and Defendants Burton and Hoots in their individual capacities</u>. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### D. Fourteenth Amendment Claims

The Court will dismiss Plaintiff's Fourteenth Amendment claims. Plaintiff's claims are rooted in the First Amendment, not the Fourteenth Amendment. "The Supreme Court has indicated that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under that provision's standard." *Luther v. Kentucky Dep't of Corr.*, No. 5:18CV-P178-TBR, 2019 WL 1338721, at *4 (W.D. Ky. Mar. 25, 2019). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal citation omitted). Therefore, Plaintiff's Fourteenth Amendment claims fail because they are duplicative of Plaintiff's First Amendment claims. *See Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (holding that "[a]ny claim for a violation of Brandenburg's substantive due process right to free speech is duplicative of her First Amendment . . . claim."); *Ferreiras v. City of Covington*, No. CV 2:24-074-DCR, 2024 WL 4957571, at *4 (E.D. Ky. Dec. 3, 2024) ("Within the Sixth Circuit, any claim for violation of a Fourteenth Amendment substantive due process right to free speech is duplicative of a First Amendment claim.").

### E. Intentional Infliction of Emotional Distress

Finally, Plaintiff alleges claims for intentional infliction of emotional distress against Defendants Burton and Hoots in their individual capacities. Under Kentucky law, to make out a case for intentional infliction of emotional distress, Plaintiff's emotional distress must be severe or serious. *See Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 791 (Ky. 2004) (recognizing that there is a high threshold necessary to make out a *prima facie* case of intentional infliction of emotional distress/outrage, *i.e.*, "that the conduct at issue must be a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community" and that the conduct must be "extreme and outrageous") (quotations omitted). "A 'serious' or 'severe' emotional injury occurs where a reasonable person, normally constituted, would not be expected to endure the mental stress engendered by the circumstances of the case. Distress that does not significantly affect the plaintiff's everyday life or require significant treatment will not suffice." *Osborne v. Keeney*, 399 S.W.3d 1, *17 (Ky. 2012).

Plaintiff's complaint does not adequately state allegations regarding the severity of the mental distress he suffered to avoid dismissal of these claims. Reading the complaint in light most favorable to Plaintiff, as the Court is required to do, Plaintiff, at best, has made only conclusory and factually unsupported allegations that Defendants' alleged conduct caused him to suffer feelings of humiliation, frustration, and anxiety. Such assertions devoid of "'further factual enhancement,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007)), are insufficient to state a claim for intentional infliction of emotional distress. For these reasons, Plaintiff's claims for intentional infliction of emotional distress will be dismissed for failure to state a claim.

## IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's First and Fourteenth Amendment freedom-of-speech claims against Defendant Columbia Police Department are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The **Clerk of Court** is **DIRECTED** to terminate the Columbia Police Department as a Defendant in this action.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Burton and Hoots in their official capacities are **DISMISSED** as duplicative of the claims against the City of Columbia; Plaintiff's Fourteenth Amendment claims against all Defendants are **DISMISSED**; Plaintiff's intentional infliction of emotional distress claims against Defendants Burton and Hoots in their individual capacities are **DISMISSED**.

Date: November 30, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014