**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO.: 1:25-CV-00148-BJB-HBB**

**MICHAEL MILAM** **PLAINTIFF**

**VS.**

**EVAN BURTON, et al** **DEFENDANT**

# MEMORANDUM OPINION & ORDER

Plaintiff Michael Milam has filed a motion for leave to file a first amended Complaint, DN 46. Milam originally filed this action in Adair Circuit Court on October 2, 2025.[1] His Complaint set forth various claims which all arise from the common operative allegation that the City of Columbia Police Department maintained a Facebook page to which he was not permitted to make public comment in contravention of his rights. The defendants removed the action to this Court under federal question jurisdiction.[2] This court conducted a review of the Complaint pursuant to 28 U.S.C. § 1915(e) and summarized Milam's allegations:

> Plaintiff Michael Milam filed a pro se complaint in Adair Circuit Court, Civil Action No. 25-CI-00182, alleging violations of his right to free speech under the First and Fourteenth Amendments of the United States Constitution and claims for intentional infliction of emotional distress. He sued the following Defendants: Police Chief Evan Burton, individually and in his official capacity; Mayor Pamela Hoots, individually and in her official capacity; the City of Columbia, Kentucky; and the Columbia Police Department. Defendants timely removed this case to federal court asserting federal-question jurisdiction.
>
> Plaintiff alleges that the Columbia Police Department maintains an official Facebook page which it uses to communicate information to the public regarding law enforcement activities, public safety announcements, and community events.

[1] DN 1-1.
[2] DN 1.

> Plaintiff asserts that the Facebook page is operated by Defendants. He maintains that Defendants have violated his rights under the First and Fourteenth Amendments by "intentionally and deliberately configur[ing] [the Facebook page] to prohibit all members of the public, including Plaintiff Milam, from posting any comments on any of the page's posts." Plaintiff alleges that the total ban on public discourse was implemented by Defendant Burton with knowledge and intent to silence Plaintiff Milam.[3]

That Order dismissed Milam's First and Fourteenth Amendment freedom-of-speech claims against Defendant Columbia Police Department ("CPD") for failure to state a claim upon which relief may be granted, thus dismissing that entity as a party to the case. The Order further dismissed Milam's claims against Burton and Hoots in their official capacities as duplicative of the claims against the City of Columbia. The Order dismissed his claims for intentional infliction of emotional distress and violations of the Fourteenth Amendment against all Defendants. Milam's claims under the First Amendment against the City of Columbia and against Burton and Hoots in their individual capacities were allowed to proceed.[4]

Milam's proposed amended Complaint raises a new contention that the City of Columbia engages in "predatory towing practices" which violate Kentucky state law and deprive him and other citizens of constitutional rights. He seeks to add as defendants Adam Cravens, the City of Columbia's Public Information Officer; Kila Kean, an Administrative Assistant for the Columbia Police Department; Gary Roy, the Adair County Sheriff; Adair County; the Adair County Sheriff's Department; Kentucky State Police Post 15; the Commonwealth of Kentucky and Kentucky Attorney General Russell Coleman.[5]

Milam's amended complaint reasserts his claims related to his inability to make public comments on the CPD Facebook page, which he contends is a public forum and that, in so doing,

---

[3] DN 7 PageID # 38-39.
[4] *Id*. at 40-41, 43.
[5] DN 46-1 PageID # 374-75.

the Defendants have engaged in viewpoint discrimination in violation of his First Amendment Rights. His original Complaint contended that the Defendants intended to silence him because he "is a known and outspoken critic of certain law enforcement practices in the region, and to prevent him and other citizens from engaging in constitutionally protected speech."[6] His amended Complaint alleges that, for the last 42 years, the City of Columbia and its agents have conspired to illegally impound vehicles.[7] He contends that "Burton, Hoots, Cravens and Kean weaponized their official social media platforms to silence Milam" and "did so on the official City of Columbia Police Department Facebook page of which under their control is a designated public forum . . . ."[8] Milam continues that their motive was "to prevent the plaintiff from an opportunity for engaging victims and/or being able to find victims."[9] His original Complaint made no reference to raising issues about predatory towing practices, either as Defendants´ motivation for the alleged viewpoint discrimination or otherwise. As before, he contends his inability to publicly comment on the CPD Facebook page violates his First Amendment right, now naming Cravens and Kean in addition to Burton and Hoots.[10]

Milam's amended Complaint makes additional claims associated with his allegation that the Defendants engage in predatory towing practices, asserting claims against the City of Columbia, Burton, Hoots, Sheriff Roy, the Kentucky State Police and the Commonwealth of Kentucky for violation of his Fourteenth Amendment right to procedural due process for failing to establish hearing boards he contends are mandated by Kentucky statutes.[11] He asserts a claim against the Commonwealth, Attorney General Coleman, the City of Columbia, Adair County and

---

[6] DN 1-1 PageID # 8.
[7] DN 46-1 PageID # 376-77.
[8] *Id*. at 384.
[9] *Id*.
[10] *Id.* at 387.
[11] *Id.* at 388.

the Kentucky State Police for "a facial constitutional challenge" to two Kentucky statutes,[12] a claim against the City of Columbia and Adair County for *Monell* municipal liability,[13] a claim against "all law enforcement defendants" for common law conversion,[14] a claim again against "all law enforcement defendants" for common law trespass to chattels,[15] a claim against all individual defendants for common law abuse of process,[16] and against all individual defendants for common law intentional infliction of emotional distress.[17] Further, Milam seeks a declaratory judgment against all defendants for "statutory non-compliance."[18] Finally, Milam seeks to proceed as "private attorney general" and for certification of class action status.[19]

Discussion

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted "when justice so requires." However, a litigant is not permitted to amend a complaint to assert new, unrelated claims involving new defendants. *Hetep v. Poteet*, 27 Fed. Appx. 308, 309 (6th Cir. 2001); *see also Med. Protective Co. v. Durrani*, No. 1:22-CV-144, 2023 U.S. Dist. LEXIS 110241, *16 (S.D. Ohio June 26, 2023) (Complaint may not be amended to add claims for unrelated issues); *McNichols v. Lyons*, No. 3:17-CV-688-RGJ, 2023 U.S. Dist. LEXIS 139564, *23 (W.D. Ky. Aug. 10, 2023) (Complaint may not be amended to assert new claim which does not arise from same occurrence as matters alleged in the original complaint.); *Smotherman v. United States*, No. 2:19-CV-175, 2019 U.S. Dist. LEXIS 248619, *7 ("[T]he Court concludes that justice would not be

[12] *Id.* at 388-89.
[13] *Id.* at 390.
[14] *Id.* at 390-91.
[15] *Id.* at 391-93.
[16] *Id.* at 393-94.
[17] *Id.* at 394-96.
[18] *Id.* at 396.
[19] *Id.* at 396-397.

served by permitting Plaintiff to file an Amended Complaint to assert a claim wholly unrelated to the claim he advanced in his original Complaint.").

Here, Milam's original Complaint contended that he was barred from posting public comments on the CPD Facebook page in violation of his First Amendment Rights, without specifying more than he was an "outspoken critic of certain law enforcement practices in the region." The connection between that allegation and the new allegations he asserts in the amended Complaint is only tangential – than his opposition to the towing policy was part of the Defendants' motivation to suppress his freedom of speech. The remainder of his amended Complaint is directed to the towing practices and whether they violate other rights and state law. These claims, and the assertions made against the other new defendants, are wholly unrelated to his original Complaint freedom of speech claim.

Returning to Milam's freedom of speech claim set forth in Count I of the amended Complaint, Milam makes contentions similar to those in his original Complaint that the Defendants discriminated against him by blocking protected speech on the CPD Facebook page. He now expands the field of defendants against whom those claims are asserted to include Cravens and Kean in both their individual and official capacitates. As the Court ruled during screening, Milam's official capacity claims against Burton and Hoots were "actually against their employer, the City of Columbia."[20] Consequently, the Court dismissed the official capacity claims and only allowed the First Amendment claim to proceed against the City of Columbia and Burton and Hoots in their individual capacities.[21] For the same reason, Milam's First Amendment claims against Cravens and Kean in their official capacities fail, and he is only permitted to assert claims against them in their individual capacities.

---

[20] DN 7 PageID # 40.
[21] *Id*.

Wherefore Plaintiff's motion to amend the Complaint, DN 46, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is permitted to amend the Complaint to name Adam Cravens and Kila Kean in their individual capacities and assert against them the claim for First Amendment Retaliation and Viewpoint Discrimination as set forth in Count I of the tendered amended Complaint. To the extent Plaintiff seeks to join additional defendants, assert additional causes of action or reassert any claim previously dismissed by the Court's order at DN 7, the motion is denied.

To govern the development of this action, **IT IS ORDERED** as follows:

(1) **The Clerk of Court shall issue the summons for Plaintiff Michael Milam, and the United States Marshal Service shall serve a copy of the complaint, this Order, and summons on Defendants Adam Cravens and Kila Kean by certified mail.**

(2) **Accordingly, Plaintiff's motion at DN 51 is otherwise DENIED as moot.**

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

October 8, 2026

Copies: Counsel